UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEISTA MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1315 CDP |
| | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff LaKeista Maxwell, a black female, filed this Title VII action against her former employer Express Scripts, Inc. acting pro se. She alleged race discrimination, gender discrimination, harassment, constructive discharge, and retaliation. She also included tort claims for intentional infliction of emotional distress, libel, slander, invasion of privacy, and "black listing." The parties have two motions pending before me. Express Scripts filed a motion to dismiss arguing that Maxwell failed to state a claim on one Title VII claim, failed to exhaust her administrative remedies on four Title VII claims, and failed to state a claim on any tort claim. The motion to dismiss was converted into a motion for summary judgment as it relates to Maxwell's alleged harassment and retaliation specifically. I will grant in part and deny in part Express Scripts's motion to dismiss. I will

likewise grant in part and deny in part Express Scripts's motion for summary judgment. Additionally, Maxwell filed a motion to appoint counsel, which will be denied.

Motion to Dismiss Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the legal sufficiency of the complaint. A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a 12(b)(6) motion, the court should assume all factual allegations of a complaint are true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court, however, is not required to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint need not contain detailed factual allegations, the plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* As such, a complaint will not suffice if it contains naked assertions devoid of factual enhancements. *Id.* at 557; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1944 (2008).

*Bell Atlantic* established the "plausibility standard," which requires the

plaintiff to plead factual content that will allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic*, 550 U.S. at 556. Plausibility requires more than a mere possibility that a defendant has acted unlawfully, but does not require a showing of probability; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegality. *Bell Atlantic*, 550 U.S. at 556. A complaint should not be dismissed merely because the court doubts a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Maxwell's complaint was filed pro se, and so it must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Jones v. Pollard-Buckingham*, 348 F.3d 1072, 1073 (8th Cir. 2003) (holding that although a pro se claimant's complaint was written in narrative form it properly identified how each defendant was involved in the alleged conduct, which is all the federal rules require) (citing *Hanies v. Kerner*, 404 U.S. 519, 520 (1972)). However, this standard does not excuse pro se complaints from alleging sufficient facts to support the claims advanced, and the court will not supply additional facts

or legal theories assuming facts that are not plead. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations and quotations omitted); *see also Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980).

## Summary Judgment Standard

In ruling on summary judgment, the Court views the facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but must set forth by affidavit or other evidence of specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2).

A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in its favor. *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury

could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

## Discussion

Express Scripts argues that Maxwell's complaint should be dismissed in its entirety. It separates Maxwell's theories of recovery into three separate categories. Express Scripts argues that Maxwell's race discrimination claim, based on the discipline referenced in her EEOC Charge, must be dismissed because she failed to allege facts sufficient to state a plausible claim. It then alleges that Maxwell failed to exhaust her administrative remedies on the claims of gender discrimination, harassment, constructive discharge, and retaliation because she did not include them in her EEOC Charge, or, in the alternative, that she failed to allege facts sufficient to state a claim on those theories. Again, I converted the motion to dismiss to a motion for summary judgment on the issues of harassment and retaliation, and so Express Scripts must prove that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law on those claims. Express Scripts also argues that Maxwell failed to state a claim on each of the tort counts because Missouri does not recognize the tort of "black listing" and because she has not alleged facts sufficient to support any of the remaining tort claims.

In order to state a claim for race discrimination, Maxwell was required to plead facts sufficient to make a plausible claim that: "(1) she is a member of a protected group; (2) she was meeting the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees who are not members of the protected group were treated differently." *Box v. Principi*, 442 F.3d 692, 696 (8th Cir. 2006). Maxwell's complaint states that she is black; that she was held to a higher standard than her coworkers, which makes the employer's expectation illegitimate if it was based on race; that she was moved around on different accounts with different supervisors;[1] and that she was singled out for not providing reports that her coworkers were not providing either. Additionally, her EEOC Charge alleges that she was "being disciplined for mistakes and errors while [her] white coworker, who made the same errors, did not receive any disciplinary actions." Maxwell has stated facts that, when taken as true, establish a plausible claim for race discrimination.

---

[1]"A materially adverse action must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.' There must be a material change in employment status - a reduction in title, salary, or benefits." *Box v. Principi*, 442 F.3d 692, 696 (8th Cir. 2006). At this stage, I am not able to tell whether Maxwell's being moved around constitutes an adverse employment action, but she has alleged a change in her status, and so dismissal is not appropriate at this time.

Exhaustion of administrative remedies entitling a claimant to bring a cause of action under Title VII "requires a claimant to give notice of all claims of discrimination in the administrative complaint." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). A plaintiff may thereafter "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998). Though the allegations in the administrative complaint must be construed liberally, *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1998), "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . .." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (internal quotation marks and citation omitted).

Maxwell filed her EEOC Charge on June 2, 2010. She only checked the "race discrimination" box. The narrative portion of Maxwell's EEOC Charge only makes reference to disciplinary actions taken by her supervisors against her, but not against her white coworkers. The information contained in her EEOC Charge is not sufficient to show that she exhausted her administrative remedies on her claims of gender discrimination and constructive discharge because she failed to

mention the claims in her EEOC Charge, the claims are not "reasonably related to" anything in her EEOC Charge, and neither the complaint nor any of the evidence supports those claims. I will dismiss Maxwell's claims of gender discrimination and constructive discharge for failure to exhaust administrative remedies.

On the issue of the alleged harassment and retaliation, however, Maxwell alleges administrative error. I agree with her as to the harassment claim, but not as to the retaliation claim.

Express Scripts argues that no pre-charge communications can be considered under Eighth Circuit case law. I disagree. The Eighth Circuit has specifically held that unverified intake questionnaires, written by the complaining party, do not constitute a formal charge when limiting the scope of a claimant's Title VII claims. *Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 799 (8th Cir. 1998). But *Cobb v. Stringer* demonstrates that not all pre-charge communications are barred where, as here, those communications create a genuine issue of material fact as to whether a mistake was made on the part of the EEOC. *Cobb*, 850 F.2d at 359.

In *Cobb v. Stringer*, the Eighth Circuit held that where an EEOC representative was put on notice of a particular claim, assisted in drafting a charge, and advised the claimant that everything could not be included in the complaint, a

material issue of fact existed as to whether the "visit to the EEOC" tolled the filing requirement. *Cobb*, 850 F.2d at 356 (8th Cir. 1988); *see also Thompson v. Ameristar Casino St. Charles, Inc.*, No. 4:06CV1414 CAS, 2007 WL 2735935 (E.D. Mo. Sept. 18, 2007) (motion to dismiss denied where genuine issue of material fact existed as to whether EEOC personnel misled plaintiff into reasonably believing she did not need to include all her allegations of discrimination in her charge).

Filing a timely charge of discrimination with the EEOC "'is not a jurisdictional prerequisite to suit in federal court, but a requirement that . . . is subject to waiver, estoppel, and equitable tolling.'" *Schlueter v. Anheuser-Busch, Inc.*, 132 F.3d 455, 458 (8th Cir.1998) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Mistakes attributable to the EEOC may equitably toll the exhaustion requirement. *Lawrence v. Cooper Cmties., Inc.*, 132 F.3d 447, 451 (8th Cir.1998) (finding the timely filing of an EEOC charge may be tolled on account of plaintiff's excusable neglect, which may or may not be attributable to the defendant).

"By regulation the EEOC has accepted responsibilities beyond the mere acceptance of written charges of discrimination filed by claimants. The Commission shall receive information concerning alleged violations of Title VII

from any person. Where the information discloses that a person is entitled to file a charge with the Commission, the appropriate office shall render assistance in the filing of a charge." *Cobb*, 850 F.2d at 360 (citing to 29 C.F.R. § 1601.6). Claimants, therefore, should not be penalized by errors or omissions made by persons in that agency in light of the responsibilities delegated to the EEOC. *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301, 1310 (8th Cir.1975); *Jennings v. Am. Postal Workers Union*, 672 F.2d 712, 715 (8th Cir.1982) (stating that "[a]n uncounseled plaintiff should not be penalized for the EEOC's mistake of law").

Maxwell presented evidence that she mentioned retaliation to her EEOC investigator in her intake interview, but retaliation is only mentioned in the heading of the interview notes. Nothing in the narrative of the interview notes evidences any facts that, even if taken as true, would constitute retaliation. In fact, the narrative of the notes discredits allegations of retaliation when the notes state that "[Maxwell] was transferred to another team (this was not due to her complaint but rather distribution of work)." Further, "it is well established that retaliation claims are not reasonably related to underlying discrimination claims;" and the Eighth Circuit has held that while a district court may hear a retaliation claim if the retaliation allegedly results from filing an EEOC Charge, it may not hear a retaliation claim if the alleged retaliation occurred at the same time as the

discrimination but was not included in the EEOC Charge. *Wallin v. Minn. Dept. of Corr.*, 153 F.3d 681, 688-89 (8th Cir. 1998).

With respect to the alleged harassment, though, Maxwell did submit evidence that she raised her claim of harassment with her EEOC investigator in great detail and included numerous factual allegations in her complaint. Express Scripts argues that I cannot consider the intake notes because they have not been authenticated under Federal Rule of Civil Procedure 56(e), *see Shanklin v. Fitzgerald*, 397 F.3d 596 (8th Cir. 2005). But Maxwell's response to the motion to dismiss, which she signed, states that she gave a 3-4 hour interview to the EEOC investigator, and the notes attached to the Complaint as Exhibit A are reflective of that conversation. As the circumstances of this case are reminiscent of the facts in *Cobb* and *Thompson*, I find the doctrine of equitable tolling applies. I will, therefore, consider these pre-charge communications, and I find that the notes create a genuine issue of material fact on the exhaustion issue and so summary judgment cannot be granted.

The next question is whether a genuine issue of material fact exists on the alleged harassment itself. Maxwell was required to plead, in her complaint, that she is a member of a protected class, unwelcome harassment occurred, there was a casual nexus between the harassment and her protected group status, the

harassment affected some term, condition, or privilege of her employment, and Express Scripts knew or should have known of the harassment and failed to take prompt and effective remedial actions. *Robinson v. Valmont Indus.*, 238 F.3d 1045, 1047 (8th Cir.2001). She did so. However, Maxwell did not file the EEOC Charge until June 2, 2009. As such, some of the alleged harassment is time-barred because it did not take place within 300 days of the EEOC Charge, i.e., on or before August 8, 2009, *see Hutson v. Well Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009) (holding that an EEOC claimant must file a charge within 300 days "after the alleged unlawful employment practice occurred," under 42 U.S.C. § 2000e-5(e)(1)). Although Maxwell cannot recover for any harm associated with these untimely allegations, this Court may consider them as background information in support of her timely harassment claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–20 (2002) (employee may use acts beyond 300-day limitations period "as background evidence in support of a timely claim").

In addition to Maxwell's employment theories of recovery, she also brought claims for intentional infliction of emotional distress, libel, slander, invasion of privacy, and black listing. None of Maxwell's tort claims were required to be included in her EEOC Charge. The complaint, however, was required to contain a short and plain statement of the claim showing she is entitled to relief. Fed. R.

Civ. P. 8(a). Express Scripts argues that Missouri does not recognize the tort of "black listing," and so Maxwell cannot state a claim on that theory as a matter of law. I agree. I will grant the motion to dismiss as to black listing.

Express Scripts next argues that Maxwell failed to allege facts sufficient to support any of the remaining tort claims. Again, I agree.

Under Missouri law, to state a claim for intentional infliction of emotional distress, Maxwell must plead facts sufficient to state a plausible claim that: (1) there was extreme and outrageous conduct by a defendant who intentionally or recklessly caused severe emotional distress that results in bodily harm; (2) the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" and (3) the conduct was "intended only to cause extreme emotional distress to the victim." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (en banc). Maxwell has failed to plead a plausible claim for intentional infliction of emotional distress on any element, and I will grant Express Scripts's motion to dismiss that claim.

To state a claim for libel, Maxwell had to plead that there was a malicious defamation; she was the subject of the defamation; the defamation was made public; the means of defamation was a printing, writing, sign, picture,

Civ. P. 8(a). Express Scripts argues that Missouri does not recognize the tort of "black listing," and so Maxwell cannot state a claim on that theory as a matter of law. I agree. I will grant the motion to dismiss as to black listing.

Express Scripts next argues that Maxwell failed to allege facts sufficient to support any of the remaining tort claims. Again, I agree.

Under Missouri law, to state a claim for intentional infliction of emotional distress, Maxwell must plead facts sufficient to state a plausible claim that: (1) there was extreme and outrageous conduct by a defendant who intentionally or recklessly caused severe emotional distress that results in bodily harm; (2) the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" and (3) the conduct was "intended only to cause extreme emotional distress to the victim." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (en banc). Maxwell has failed to plead a plausible claim for intentional infliction of emotional distress on any element, and I will grant Express Scripts's motion to dismiss that claim.

To state a claim for libel, Maxwell had to plead that there was a malicious defamation; she was the subject of the defamation; the defamation was made public; the means of defamation was a printing, writing, sign, picture,

representation, or effigy; and the defamation was likely to either provoke her to wrath, expose her to public hatred, contempt, or ridicule, or deprive her of the benefits of public confidence and social intercourse. *Roberson v. Beeman*, 790 S.W.2d 948, 950 (Mo. Ct. App. 1990). Maxwell has failed to plead a plausible claim for libel. Specifically, Maxwell did not plead the written/publication requirement, and so I will grant Express Scripts's motion to dismiss that claim.

Slander requires spoken words that are: (1) of a "defamatory" nature; (2) within the hearing of third persons; (3) prejudicial to the plaintiff's reputation, office, trade, business, or means of making a living; and (4) the source of actual damage to the plaintiff. *Lonergan v. Love*, 150 S.W.2d 534, 536 (Mo. Ct. App. 1941). "A communication is defamatory if it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Henry v. Halliburton*, 690 S.W.2d 775, 779 (Mo. 1985) (citing Restatement (Second) of Torts § 559). Truth may always be asserted as an absolute defense. *Id.* (citing Mo. Const. art 1, § 8). Here, Maxwell merely alleges that her own statements were repeated to others. Because she admits that she actually made the statements relayed to her co-workers, she cannot prevail on a slander claim as a matter of law.

Invasion of privacy is a general term used to describe four different torts, including wrongful appropriation of name or likeness, false light, intrusion into seclusion, and public disclosure of private facts.  Here, Maxwell alleges Express Scripts personnel shared her instant messaging conversations with her co-workers without her permission and listened to her personal telephone conversations.  These allegations do not state a claim for wrongful appropriation of name or likeness or for false light.  Because the undisputed facts demonstrate that Maxwell used company property to send the instant messages and hold the telephone conversations she cannot state a claim for intrusion into seclusion.

To state a claim for public disclosure of private facts, Maxwell had to plead that there was: (1) publication or publicity by the defendant, to a large number of persons; (2) the absence of a grant to the defendant of any waiver or privilege; (3) the disclosure of private matters in which the public has no legitimate concern; and (4) disclosure in such a way as to bring shame or humiliation to an individual of ordinary sensibilities. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 498-99 (Mo. Ct. App. 1990).  Maxwell did not allege that the instant messages or telephone conversations were published to a large number of persons; instead, she claims that Express Scripts personnel looked at her instant messages and listened to her calls, then quoted them to a few of her co-workers or back to her.  This does

not constitute public disclosure of private facts. I will grant Express Scripts's motion to dismiss the invasion of privacy claim.

## Motion to Appoint Counsel

Title VII provides, in pertinent part, that a court may appoint counsel to represent a plaintiff under "such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Because a civil litigant has no constitutional or statutory right to court-appointed counsel, the decision whether to make an appointment is in within the Court's discretion. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *In re Steven Lane*, 801 F.2d 1040, 1042-44 (8th Cir. 1986). The factors that are relevant to the Court's decision are whether: (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel. *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984); *Nelson*, 728 F.2d at 1005.

Here, Maxwell has been granted in forma pauperis status, but that does not necessarily mean she cannot afford to retain an attorney. Some attorneys take employment discrimination cases on a contingency fee basis, which requires little to no up-front payment. Further, she has not explained her efforts to secure

counsel and, at this time, I do not believe her allegations warrant the appointment of counsel. As an aside, Maxwell has submitted exhibits where she warranted to her employer that she had an attorney between February or March of 2011 and, at the latest, May 18, 2011. To now state that she is unable to afford an attorney and that she has diligently searched for an attorney but has been unable to secure the same is contradictory. Even without that discrepancy, I find that the assistance of counsel is unnecessary for the benefit of Maxwell or the Court at this time. For these reasons, the motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss and motion for summary judgment [#11] is granted in part and denied in part. Maxwell's claims of gender discrimination, constructive discharge, retaliation, intentional infliction of emotional distress, libel, slander, invasion of privacy, and black listing are dismissed; but, her claim of race discrimination are sufficient to proceed. Express Scripts's motion for summary judgment is granted as to the retaliation claim, but it is denied as to the harassment claim. Maxwell's complaint will go forward on her race discrimination and harassment claims only.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel [#6] is denied.

**IT IS FINALLY ORDERED** that the defendant's request for costs is denied.

This case is set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2012.