UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKEISTA J. MAXWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1315 CDP |
| ) | |
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This action is before me on the parties' cross-motions to compel. On November 27, 2012, defendant filed a motion to compel plaintiff to appear for her deposition. Defendant contends that plaintiff has refused to be deposed "unless and until certain of her discovery requests were answered to her satisfaction." Plaintiff did not respond directly to defendant's motion, but on December 3, 2012, she filed her own motion to compel. In that motion, plaintiff requests that the court compel defendant to respond more fully to her interrogatories and requests for production of documents. I will address defendant's motion to compel first.

## I.  Defendant's Motion to Compel Plaintiff's Deposition

Under Rules 26(d)(2) and 30(a)(1), Fed. R. of Civ. P., defendant is entitled to depose plaintiff at any point during the discovery period. The Case Management Order I entered in this case makes clear that defendant may take plaintiff's deposition at any time

until April 25, 2013.  Neither the Order nor the federal rules requires defendant to wait that long.  Plaintiff's dissatisfaction with defendant's answers to her discovery requests is not a valid reason for refusing to be deposed.

Accordingly, I will grant defendant's motion to compel plaintiff to appear at her deposition.  Plaintiff should be advised that failing to appear for her deposition may lead to sanctions, including the dismissal of her complaint, *see Setzke v. Whitmill*, 241 Fed. Appx. 351, 352 (8th Cir. 2007), and payment of defendant's reasonable expenses, including attorneys' fees.  *See* Fed. R. Civ. P. 37(d).

## II.     Plaintiff's Motion to Compel Certain Discovery Responses

In her motion to compel, plaintiff contends that defendant made invalid objections to certain interrogatories (Nos. 1–3, 5–17) and her requests for production of documents.  She also argues that the answers provided by defendant are incorrect.  She asks that the court compel defendant to respond accurately to all of her discovery requests.

Plaintiff's remaining claims are that she was discriminated against and harassed because she is African American.  She alleges that she was disciplined for errors that her white coworkers were not disciplined for; that she was moved around on different accounts with different supervisors; and that she was singled out for not providing reports that coworkers were also not providing.

### *Interrogatories nos. 1, 2, 7, 8, 10, 12, 13, 14, and 17*

Interrogatories 1, 2, 7, 8, 10, 12, 13, 14, and 17 are vague, vastly overbroad, and appear to have nothing to do with plaintiff's remaining claims or even plaintiff herself. For these reasons and those stated by defendant in its opposition to plaintiff's motion to compel, I will not compel defendant to respond to them.

### *Interrogatory no. 3*

Given the information that I have at this point, it appears that defendant has provided all the nonprivileged information it has that is responsive to plaintiff's interrogatory no. 3. Therefore, I will not compel defendant to respond further.

### *Interrogatory nos. 5 and 6*

These interrogatories seek to know what discipline or coaching Kathleen Harmon received after she made racially insensitive comments. I agree with defendant that these interrogatories are vague and ambiguous on their face. However, plaintiff identifies specific remarks by Harmon in her complaint, and the approximate date on which those remarks were allegedly made. This clears up the ambiguity in this interrogatory.

Defendant also objects that the comments were made before the EEOC filing period began, so they cannot form a basis for plaintiff's claim. Although true, this court may consider plaintiff's untimely allegations as background evidence. Therefore, I will compel defendant to respond to interrogatories nos. 5 and 6.

### *Interrogatory no. 9, 11, 15, and 16*

These interrogatories seek to discover information about whether defendant "monitored" plaintiff.  When read in a certain light, these interrogatories are plausibly related to plaintiff's allegation that she was held to a higher standard than her white coworkers.  But as written, they are overbroad and vague, and they encompass information far afield of plaintiff's remaining claims.  I cannot compel defendant to respond to these interrogatories because it is unclear what specific information they seek.

### *Requests for Production of Documents*

Plaintiff has also requested that the court compel defendant to respond to her requests for production of documents.  She does not identify which requests she pursues.  Although I do not have all the requests before me, she has submitted requests 1 through 20 as an exhibit attached to her motion.  With the exception of the information that defendant represents that it has already produced, each of those requests is overbroad, as written.  Accordingly, I will deny plaintiff's motion to compel defendant to produce documents in response to these requests.

### *Accuracy of Defendant's Responses*

Plaintiff contends that certain of defendant's responses are inaccurate, such as the number of African American employees in defendant's Account Management Department.  Of course, providing false interrogatory answers may be an abuse of the discovery process and provide ample reason for sanctions.  *See Martin v.*

*DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001). But there is no evidence at this point that defendant's responses were false. Therefore, I will not compel defendant to somehow revise its interrogatory responses.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel plaintiff's deposition [#46] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel certain discovery responses [#49] is **GRANTED** in part and **DENIED** in part. Defendant shall respond to Interrogatories Nos. 5 and 6 from plaintiff's First Set of Interrogatories.

                                        _____
                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2013.